# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF PENNSYLVANIA

| EPSILON ENERGY USA INC., | |
|---|---|
| Plaintiff, | |
| v. | Civil Action No. |
| CHESAPEAKE APPALACHIA, LLC, | Judge |
| Defendant. | |

## MOTION FOR PRELIMINARY INJUNCTION

Plaintiff Epsilon Energy USA, Inc. ("Epsilon"), by and through its undersigned counsel, and in accordance with Rule 65 of the Federal Rules of Civil Procedure, hereby moves for preliminary injunctive relief against Defendant Chesapeake Appalachia, LLC ("CHK"). In support of its motion, Epsilon alleges as follows:

1. Epsilon seeks to enjoin CHK from blatantly and willfully disregarding Epsilon's right to drill new oil and gas wells under the parties' Joint Operating Agreements ("JOAs") and a Settlement Agreement and Release ("Settlement Agreement") signed in 2018.

2. In each JOA, the parties to that contract have agreed to combine their oil and gas assets in a defined geographic area in order to more efficiently produce oil and gas. The oil and gas interests that each party to the JOA (a "JOA Party")

1

owns or acquires in that geographical area are treated as joint property in which each JOA Party owns an undivided interest.

3. Under the JOAs, any JOA Party is entitled to propose the drilling of a well. Every other JOA Party can elect, but is not required, to participate in the well by paying its' pro rata share of the well's development costs (thereby entitling it to receive a pro rata share of the well's profits).

4. The JOA Parties designated CHK as the default operator to perform well-related operations under each of the JOAs.

5. If CHK consents to participate in a well, then CHK acts as the operator. If CHK does not consent to participate, however, one of the consenting JOA Parties can act as the operator.

6. Slightly more than two years ago, Epsilon sought injunctive relief from this Court when CHK attempted to prevent Epsilon from proposing and drilling new wells in accordance with the JOAs.[1]

7. In the Settlement Agreement that the parties executed to resolve the prior litigation, CHK expressly agreed that — if CHK elects not to participate and serve as the operator for a new well that Epsilon has proposed — then CHK will

---

[1] The prior litigation was styled as *Epsilon Energy USA, Inc. v. Chesapeake Appalachia, L.L.C.*, No. 3:18-cv-01852.

cooperate with Epsilon (and/or any other JOA Party designated to serve as the operator) so that Epsilon can drill that well.

8. In December 2020, Epsilon submitted a proposal in accordance with the JOAs for the drilling and completion of four new wells (the "Proposed Wells").

9. In January 2021, CHK elected not to participate in the Proposed Wells and declined to serve as the operator.

10. However, CHK has refused to cooperate so that Epsilon can drill the Proposed Wells. CHK has instead asserted that Epsilon cannot serve as the operator for the Proposed Wells, and refuses to allow Epsilon to access the jointly-owned well pad on which Epsilon intends to drill the Proposed Wells. In essence, CHK asserts that it possesses "veto power" to preclude Epsilon (and any other JOA Party) from drilling any proposed well that CHK does not want to drill.

11. CHK's refusal to cooperate with Epsilon — and, in particular, its refusal to (1) allow Epsilon to access a jointly-owned well pad and (2) sign a letter that Epsilon requires in order to obtain a water permit to use a jointly-owned water source to drill the Proposed Wells — constitutes a material breach of the Settlement Agreement and JOAs.

12. If not abated, CHK's bad faith breach of the Settlement Agreement and JOAs threatens to irreparably harm Epsilon's property rights by deteriorating its mineral interests.

WHEREFORE, for the foregoing reasons, and those set forth in the accompanying memorandum of law, Epsilon respectfully requests that this Court enter a preliminary injunction prohibiting CHK from continuing to breach its obligation to cooperate with Epsilon so that Epsilon can drill the Proposed Wells. A proposed Order of Court is attached.

Dated: March 9, 2021

Respectfully submitted,

*/s/ Gregory J. Krock*
Gregory J. Krock
Pa. I.D. No. 78308
Elizabeth M. Thomas
Pa. I.D. No. 322002

MCGUIREWOODS LLP
Tower Two-Sixty
260 Forbes Avenue, Suite 1800
Pittsburgh, PA 15222-3142
(412) 667-6000 (Telephone)
(412) 667-6050 (Facsimile)
gkrock@mcguirewoods.com
ethomas@mcguirewoods.com

Jonathan T. Blank
*Pro Hac Vice Request Forthcoming*
MCGUIREWOODS LLP
652 Peter Jefferson Parkway
Suite 350
Charlottesville, VA 22911
(434) 977-2500 (Telephone)
(434) 980-2222 (Facsimile)
jblank@mcguirewoods.com

*Counsel for Plaintiff*
*Epsilon Energy USA, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing **Motion for Preliminary Injunction** has been served on served upon the following by mail, this 9th day of March 2021:

>Corporate Representative
>Chesapeake Appalachia, LLC
>c/o The Corporation Company
>1833 S. Morgan Road
>Oklahoma City, OK 73128

/s/ *Gregory J. Krock*