# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF PENNSYLVANIA

EPSILON ENERGY USA, INC.,

            Plaintiff,

        v.

CHESAPEAKE APPALACHIA, LLC,

            Defendant.

Civil Action No.

Judge

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION
### OF DOCUMENTS DIRECTED TO DEFENDANT

Plaintiff Epsilon Energy USA, Inc. ("Epsilon"), by and through its undersigned counsel, and in accordance with Rules 26 and 34 of the Federal Rules of Civil Procedure, hereby submits its First Request for Production of Documents Directed to Defendant ("Requests").

### DEFINITIONS

"Defendant," "You," or "Your" means Chesapeake Appalachia, LLC, and any of its present or former employees, officers, members, affiliates, parent companies, subsidiaries, agents, attorneys, consultants, or other representatives, and all other persons who are acting at the direction of, or on behalf of, Chesapeake.

1.     "Epsilon" or "Plaintiff" means Plaintiff Epsilon Energy USA Inc., and any of its present or former employees, officers, members, affiliates, parent companies, subsidiaries, agents, attorneys, consultants, or other representatives, and all other persons

who are acting at the direction of, or on behalf of, Epsilon.

2.    "Other Non-Operators" means Equinor Onshore Properties, Inc. (f/k/a Statoil) ("Statoil") and Chief Oil & Gas LLC (formally, MKR Holdings, LLC) ("Chief"), Jamestown Resources, L.L.C. ("Jamestown"), Enerplus Resources (USA) Corporation ("Enerplus"), Radler 2000 Limited Partnership ("Radler"), Tug Hill Marcellus, LLC ("Tug Hill"), and Unconventionals Natural Gas, LLC ("Unconventionals"), and any of its present or former employees, officers, members, affiliates, parent companies, subsidiaries, agents, attorneys, consultants, or other representatives, and all other persons who are acting at the direction of, or on behalf of, the Other Non-Operators.

3.    "Model JOA" means the Model Form Operating Agreement attached as Schedule 7.1.2 of the February 1, 2010 Farmout Agreement between You and Epsilon.

4.    "Executed Operating Agreement(s)" means any joint operating agreement executed between You and Epsilon (and potential third parties) since February 1, 2010 titled "A.A.P.L. Form 610-1989 Model Form Operating Agreement".

5.    "Koromlan 107HC Well Proposal" means the well proposal described by You in Your letter to Epsilon dated January 19, 2021.

6.    "Craige S 3LHC Well Proposal" means the well proposal described by Epsilon in its letter to You dated December 22, 2020.

7.    "Epsilon Proposals" means Epsilon's proposed wells known as Craige N 1LH, Craige N 1UUHC, Craige N 4UHC, and Craige S 3LHC.

2

8.     "Marcellus Formation" means the prospective areas for natural gas production where shale is present at least 5,000 feet below ground surface and the parties are actively engaged in oil and gas development.  For purposes of these Requests, this term is limited to Pennsylvania.

9.     "Person" or "Persons" means all natural and jurisdictional persons, and includes any individual, association, corporation, partnership, joint venture, or any other business or legal entity, as well as any governmental or quasi-governmental branch, department, bureau, or agency.

10.    "Document" or "Documents" means any documents or information within the scope of Rule 34 of the Federal Rules of Civil Procedure, including without limitation, all forms or repositories of information whether tangible or other electronic or digital form. The term "Document" or "Documents" also includes originals and all non-identical copies.

11.    "Communication" means any oral or written exchange of information, thoughts, or ideas, between or among persons or entities, by any process.

12.    "And" and "or" include the conjunctive and disjunctive, as necessary to make each Request for Production inclusive rather than exclusive.

13.    The singular of any word shall include the plural, and visa versa, and the masculine shall include the feminine, and visa versa, as is necessary to make each Request for Production inclusive rather than exclusive.

14.    "Relating to" or "relate to" means referring to, reflecting, or pertaining to in

3

any manner, directly or indirectly, or in any other way supporting, negating, affecting, or otherwise connected to the matter addressed.

## INSTRUCTIONS

1.      If You cannot answer any Request in full and have exercised thorough diligence in attempting to secure the information requested, then You should so state. You should also: (i) answer the Request to the extent possible, (ii) explain why You cannot answer the remainder, (iii) state the nature of information and knowledge that You can furnish, and (iv) provide supplemental responses when You obtain more information.

2.      All Documents produced in response to these Requests should: (i) be produced in whole, notwithstanding the fact that portions thereof may contain information not requested, (ii) include interim and draft copies as well as final editions of a Document, and (iii) include all additions or copies of a Document which are not identical to the original or other produced copy of the Document (whether due to handwritten notations, or revisions, or otherwise).

3.      If You refuse to answer in whole or in part any Request or if you object or refuse to provide any Document requested below for any reason, Your objection must clearly specify the reason for Your objection and identify all Documents You refuse to provide.

4.     If any responsive Document has been destroyed or is otherwise no longer in Your possession, custody, or control, please: (i) identify the Document; (ii) state the reason the Document is no longer in Your possession, custody, or control; and (iii) identify the Person responsible for its destruction, loss, or transfer or responsible for any other action which caused the Document to cease and to be in Your possession, custody, or control.

5.     If You assert any privilege with respect to any information, Communication, or Document responsive to a Request, then provide a privilege log containing the following as to each such information, Communication, or Document:

    a.   The place, date, and manner of recording or otherwise preparing the Document;

    b.   The name and title of the sender, and the name and tile of recipient of the Document;

    c.   A summary of the contents of the Document;

    d.   The identity of each Person (other than stenographic or clerical assistants) participating in the preparation of the Document;

    e.   The identity of each Person to whom the content of the Document has heretofore been communicated by copy, exhibition, sketch, reading, or substantial summarization, the date of that Communication, and the employer and title of such Person at the time of said Communication.

    f.   A statement of the basis on which privilege is claimed; and

    g.   The identity and title, if any, of the Person providing to You the information requested in subsections (a)-(f) above.

6.     When You respond to a Request by referring to Documents, produce those Documents and identify them by either (a) listing the subject matter, date, author,

addressee, and any Person shown as being copied on the Documents, or (b) listing any

control, production, or "Bates" numbers that the Documents bear.

7.      If You are not producing any Documents responsive to a Request, your

response should make it clear that you are not producing any Documents responsive to that

Request and clearly state the reason why Documents are not being produced.

8.      Your responses to this discovery pleading shall be supplemented as required

by the Federal Rules of Civil Procedure.

9.      To the extent not otherwise specified or reasonably determinable, these

Requests seek documents and information from February 1, 2016 to the present.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:** Produce all internal Documents and Communications relating

to the creation, planning, and development of the Koromlan 107HC Well Proposal.

**RESPONSE:**


**REQUEST NO. 2:** Produce all Documents and Communications between You

and third parties or third Persons relating to the Koromlan 107HC Well Proposal.

**RESPONSE:**


**REQUEST NO. 3:** Produce all Documents and Communications relating to Your

analysis or the viability of the Koromlan 107HC Well Proposal, including all maps,

surveys, drilling plans, engineering opinions, alternative proposals, expenses, budgets, and

forecasts.

**RESPONSE:**


**REQUEST NO. 4:** Produce all Documents and Communications that refer to or

discuss the issues in Epsilon's February 9, 2021 letter to You, attached as Exhibit 1,

regarding the Koromlan 107HC Well Proposal, including Your reference to or discussion

of such issues before receipt of Epsilon's letter.

**RESPONSE:**

**REQUEST NO. 5:** Produce all Documents and Communications related to Your election not to participate in the Craige S 3LHC Well Proposal.

**RESPONSE:**

**REQUEST NO. 6:** Produce all Documents and Communications with the Other Non-Operators referring to Epsilon or the Epsilon Proposals between November 1, 2020 and the present.

**RESPONSE:**

**REQUEST NO. 7:** Produce all Documents and Communications referring to Epsilon or the Epsilon Proposals between November 1, 2020 and the present.

**RESPONSE:**

**REQUEST NO. 8:** Produce all Documents and Communications that reflect or refer to Your understanding, interpretation, or application of Article V.B of the Model JOA.

**RESPONSE:**

**REQUEST NO. 9:** Produce all Documents and Communications that reflect or refer to Your understanding, interpretation, or application of Article V.D.5 of the Model JOA.

**RESPONSE:**


**REQUEST NO. 10:** Produce all Documents and Communications that reflect or refer to Your understanding, interpretation, or application of Article VI.B of the Model JOA.

**RESPONSE:**


**REQUEST NO. 11:** Produce all Documents and Communications that reflect, refer to, support, or challenge Your position that You may prevent or limit Epsilon from operating or drilling new wells under the Executed Operating Agreements.

**RESPONSE:**


**REQUEST NO. 12:** Produce all Documents and Communications that refer to or discuss the added language "to Rework, Sidetrack, Deepen, Recomplete, or Plug Back" in Article VI.B.2.a of the Model JOA.

**RESPONSE:**

**REQUEST NO. 13:** Produce all Documents and Communications that reflect Your understanding, interpretation, or application of Article XVI of the Model JOA.

**RESPONSE:**

**REQUEST NO. 14:** Produce all Documents and Communications relating to instances or events where a Person other than Chesapeake operated under an Executed Operating Agreement in the Marcellus Formation from January 1, 2010 to present.

**RESPONSE:**

**REQUEST NO. 15:** Produce all Documents and Communications relating to any Person besides Chesapeake who was designated as the "Operator" under an Executed Operating Agreement where Chesapeake was the designated Operator in the Marcellus Formation from January 1, 2010 to present.

**RESPONSE:**

**REQUEST NO. 16:** Produce all Documents and Communications referring to You allowing, permitting, authorizing, or supporting a third Person operating under an Executed Operating Agreement in the Marcellus Formation from January 1, 2010 to present.

**RESPONSE:**

**REQUEST NO. 17:** Produce all Documents and Communications relating to new wells that were proposed or drilled under the Model JOA without 100% participation or consent in the Marcellus Formation from January 1, 2010 to present.

**RESPONSE:**

**REQUEST NO. 18:** Produce all Documents and Communications relating to new wells that were proposed or drilled under an Executed Operating Agreement without 100% participation or consent in the Marcellus Formation from January 1, 2010 to present.

**RESPONSE:**

**REQUEST NO. 19:** Produce all Documents and Communications that reflect, refer to, support, or challenge Your statement in Your letter to Epsilon, dated January 19, 2021, attached as Exhibit 2, that: "Article VI.2.a . . . does not apply to new wells and will not govern this election, nor is it applicable to this proposal."

**RESPONSE:**

**REQUEST NO. 20:** Produce all Documents and Communications that reflect, refer to, support, or challenge Your statement in Your letter to Epsilon, dated January 19, 2021, attached as Exhibit 2, that: "Chesapeake maintains the right to operate the

11

referenced pad site and associated wells, and does not grant approval or authority to Epsilon, or anyone else, to operate from referenced pad."

**RESPONSE:**

**REQUEST NO. 21:** Produce all Documents and Communications that reflect, refer to, support, or challenge Your position that You may prevent or limit Epsilon from operating or drilling new wells after You entered into the Settlement Agreement and release on October 8, 2018.

**RESPONSE:**

Dated: March ___, 2021                    Respectfully submitted,

                                          */s/ Gregory J. Krock*
                                          Gregory J. Krock
                                          Pa. I.D. No. 78308
                                          Elizabeth M. Thomas
                                          Pa. I.D. No. 322002

                                          MCGUIREWOODS LLP
                                          Tower Two-Sixty
                                          260 Forbes Avenue, Suite 1800
                                          Pittsburgh, PA 15222-3142
                                          (412) 667-6000 (Telephone)
                                          (412) 667-6050 (Facsimile)
                                          gkrock@mcguirewoods.com
                                          ethomas@mcguirewoods.com

                                          Jonathan T. Blank
                                          *Pro Hac Vice Request Forthcoming*
                                          MCGUIREWOODS LLP

652 Peter Jefferson Parkway
Suite 350
Charlottesville, VA 22911
(434) 977-2500 (Telephone)
(434) 980-2222 (Facsimile)
jblank@mcguirewoods.com

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing

document has been served on served upon the following by mail and electronic mail,

this [ ] day of March 2021:

Chesapeake Appalachia, LLC
c/o The Corporation Company
1833 S. Morgan Road
Oklahoma City, OK 73128

/s/     *Gregory J. Krock*
Gregory J. Krock